The majority has erred in failing to find that plaintiff's herniated discs are causally related to her June 30, 1998, work injury. To plaintiff's detriment, none of her original treating physicians ordered an MRI scan of plaintiff's back, despite her complaints of continued back pain. It was not until February 17, 2000, that an MRI scan was conducted under order by Dr. Dickerson, a general practitioner. Although Dr. Dickerson could not state that plaintiff's herniated discs were related to her work-related injury, Dr. Ordonez, a neurosurgeon to whom plaintiff was referred by Dr. Dickerson, did find a causal link between plaintiff's disc herniation and the 1998 injury at work.
During deposition, Dr. Ordonez testified that plaintiff's complaints of pain as relayed to plaintiff's physicians early in her medical treatment, and as corroborated by the medical record, were consistent with the disc herniation evident on plaintiff's MRI. Further, Dr. Ordonez testified that the calcification around plaintiff's disc was consistent with a disc herniation that would have occurred during the time period of plaintiff's injury in 1998 and, thus, found a causal link between plaintiff's disc herniation and her 1998 work-related injury. The majority found that Dr. Ordonez's opinion should be afforded little weight when compared to the physicians who treated plaintiff closer in time to her injury. Yet, none of these earlier treating physicians performed an MRI scan in which to objectively ascertain plaintiff's injury. Because Dr. Ordonez, unlike her earlier treating physicians, had the benefit of plaintiff's MRI in determining the etiology of her injury, his opinion should be afforded greater weight.
Furthermore, the majority's ultimate conclusion that plaintiff has been capable of earning wages since September 9, 1998, is not supported by the greater weight of the evidence. While it is true that no doctor wrote plaintiff out of work after that date, the majority has ignored the fact that no doctor at that time had ordered an MRI scan and was thus not aware that plaintiff suffered from herniated discs. Upon being told to return to work, plaintiff was denied all further medical treatment and could not afford to pursue further medical treatment on her own. More than a year later, upon becoming eligible for Medicaid, plaintiff was able to seek further treatment and was finally diagnosed as having herniated discs. Thus, the fact that plaintiff was not written out of work by her treating physicians prior to the discovery of her herniated discs should not be dispositive in determining plaintiff's disability. For these reasons, I respectfully dissent.
This 10th day of September 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER